**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



FILED

NOV 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAOLONG CHEN, | No. 10-71845 |
| Petitioner, | Agency No. A099-458-435 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014**
San Francisco, California

Before:     **KOZINSKI**, Chief Judge, **McKEOWN** and **CLIFTON**, Circuit
Judges.

The BIA's affirmance of the immigration judge's adverse credibility finding

is supported by substantial evidence.  The immigration judge, and the BIA, listed

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

"specific instances in the record that form[ed] the basis of the agency's adverse credibility determination," Shrestha v. Holder, 590 F.3d 1034, 1042 (9th Cir. 2010), including Chen's inconsistent and inherently implausible testimony regarding his travels to and within the United States, for which Chen could not provide any documentation or corroborating evidence to support. The immigration judge, and the BIA, also properly relied on Chen's inconsistent statements regarding when he discovered what happened to the people who were with him when, he claims, the Chinese police interrupted his religious gathering. Considering the "totality of the circumstances," 8 U.S.C. § 1158(b)(1)(B)(iii); Shrestha, 590 F.3d at 1039–40, nothing in the record "compels a contrary conclusion." Singh v. Gonzales, 439 F.3d 1100, 1105 (9th Cir. 2006).

The BIA's conclusion that Chen failed to provide reasonably obtainable corroborating evidence—such as affidavits from his family or fellow Chinese home church members, or any documentation of his travels—was supported by substantial evidence. See 8 U.S.C. § 1158(b)(1)(B)(ii); Shrestha, 590 F.3d at 1047–48. Chen testified that he spoke to his father, who lived in China, every three to five days since he arrived in the United States, and that his siblings lived in the United Kingdom. Furthermore, although Chen testified that all evidence of his travels was confiscated by the "snakehead" who allegedly arranged for Chen's

seven-month trip to the United States, he then claimed that it was "impossible" to contact the snakehead. The immigration judge, and the BIA, rejected Chen's explanation for why he had provided "absolutely zero documents corroborating his account." A reasonable trier of fact "would not be compelled to conclude that corroborating evidence was unavailable." Shrestha, 590 F.3d at 1048 (citing 8 U.S.C. § 1252(b)(4)).

We lack subject matter jurisdiction to review Chen's argument that the immigration judge "failed to give Chen an opportunity to explain" his inconsistent testimony regarding where his siblings reside, and how Chen learned what had happened to the people who were with him when, he claims, the Chinese police interrupted his religious gathering, because Chen failed to raise this argument before the BIA. See 8 U.S.C. § 1252(d)(1); Barron v. Ashcroft, 358 F.3d 674, 677–78 (9th Cir. 2004).

The immigration judge's refusal to accept Chen's untimely submission of a letter from Chen's father didn't amount to a denial of due process. Chen admitted before the BIA that his submission of the letter was untimely, and that the immigration judge "may properly deny admission" of untimely evidence. Chen also doesn't contest the BIA's finding that he was given an opportunity to explain why he submitted the letter in an untimely manner. Thus, Chen fails to show that

the immigration judge erred in rejecting the letter.  <u>See</u> 8 C.F.R. § 1003.31(c); <u>Lata</u> v. <u>INS</u>, 204 F.3d 1241, 1246 (9th Cir. 2000).

In the absence of credible testimony, there is no objective evidence to support Chen's asylum, withholding of removal and Convention Against Torture claims.  <u>See</u> <u>Shrestha</u>, 590 F.3d at 1048.

Chen's Motion to Hold Appeal in Abeyance pending resolution of his request for prosecutorial discretion and a ruling on his wife's alien relative petition is denied.  DHS has already declined Chen's request to exercise prosecutorial discretion and Chen can pursue the alien relative petition independently of his petition for review.

**PETITION DENIED in part, DISMISSED in part.**